**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Sergio Cortez Benitez, | ) | No. CV 12-0560-PHX-RCB (JFM) |
| Plaintiff, | ) ) | **O R D E R** |
| vs. | ) ) | |
| Maricopa County, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff Sergio Cortez Benitez, who is confined in the Fourth Avenue Jail in Phoenix, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 5.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 7, 9.) Plaintiff has filed a Second Amended Complaint. (Doc. 12.) The Court will order Defendant Maricopa County to answer Plaintiff's claim for violation of the Americans with Disabilities Act in the Second Amended Complaint and will dismiss the remaining claims without prejudice.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

TERMPSREF

1       A pleading must contain a "short and plain statement of the claim *showing* that the
2   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not
3   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
4   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
5   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
6   statements, do not suffice."  Id.

7       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
8   claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,
9   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content
10  that allows the court to draw the reasonable inference that the defendant is liable for the
11  misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for
12  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
13  experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual
14  allegations may be consistent with a constitutional claim, a court must assess whether there
15  are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

16      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
17  must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th
18  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
19  than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89,
20  94 (2007) (*per curiam*)).

21  **II.    Second Amended Complaint**

22      Plaintiff alleges four counts for violation of his Fourteenth Amendment right to
23  medical care and equal protection and violation of the Americans with Disabilities Act
24  (ADA).  He sues only Maricopa County.  Plaintiff seeks compensatory relief.

25      Plaintiff alleges the following facts: prior to his arrest, Plaintiff had surgery on his
26  lower back as a result of an accident.  After his arrest, Maricopa County Correctional Health
27  Services (CHS) provided Plaintiff with a cane to use when walking, which Plaintiff needed
28  to avoid falling.

On May 27, 2011 between 3:30 and 4:00 a.m., Plaintiff was awakened by two detention officers to go to court.  Plaintiff and other inmates were placed in leg and hand restraints.  A female officer saw that Plaintiff had a cane and told him that he could not take the cane to court.  Plaintiff showed her the paperwork from CHS regarding the cane.  She told Plaintiff that she did not care and took the cane.

While being transported to court in leg and hand restraints, Plaintiff fell several times.  Plaintiff, in severe pain, "cried out" to detention officers handling transportation.  After it became apparent that Plaintiff could not walk, officers obtained a wheelchair for him.  Plaintiff contends that he suffered permanent injury to his lower back as a consequence of falling after his cane was taken.  Further, he contends that he has become incontinent, CHS has issued him a wheelchair, and he is housed in a pod for disabled inmates.

Plaintiff contends that Defendant Maricopa County, through one of its detention officers, acted with deliberate indifference by taking his cane.  He claims that his Fourteenth Amendment right to equal protection was violated.  He also alleges that his rights under the ADA were violated by the officer who took the cane from him because she thereby discriminated against him based on his disability.  He also generally asserts that his constitutional rights were violated under § 1983.

## III.    Failure to State a Claim Under § 1983

To state a claim under § 1983, a plaintiff must allege that (1) the conduct about which he complains was committed by a person acting under color of state law, and (2) the conduct deprived him of a constitutional right.  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

As noted above, the only remaining Defendant is Maricopa County.  As the Court previously informed Plaintiff, a municipality is a "person" for purposes of § 1983 and may be sued.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,

1   507 U.S. 163, 166 (1993); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978).

2   However, to state a claim against a municipality under § 1983, a plaintiff must allege facts

3   to support that his constitutional rights were violated pursuant to a policy or custom of the

4   municipality. <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing

5   <u>Monell</u>, 436 U.S. at 690-91); <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443 (9th

6   Cir. 1989)). A municipality may not be sued solely because an injury was inflicted by one

7   of its employees or agents. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir.

8   2006). Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter

9   of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or

10  custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom

11  caused the plaintiff's injury. <u>Sadoski v. Mosley</u>, 435 F.3d 1076, 1080 (9th Cir. 2006)

12  (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

13      In his Second Amended Complaint, Plaintiff fails to allege facts to support that

14  Maricopa County maintained a policy or custom that resulted in the violation of Plaintiff's

15  constitutional rights. Nor does he allege facts to support that any constitutional injury was

16  the result of a municipal policy or custom. For that reason, Plaintiff fails to state a claim

17  *under* § 1983 against Maricopa County. Accordingly, his claims of constitutional violations

18  will be dismissed, i.e., his claims asserting violations of his constitutional right to medical

19  care and equal protection.

20  **IV.    Claim for Which an Answer Will be Required**

21      Plaintiff asserts a violation of the ADA. The ADA applies in the incarceration

22  context. <u>Pennsylvania Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 213 (1998). Under Title II

23  of the ADA, "no qualified individual with a disability shall, by reason of such disability, be

24  excluded from participation in or be denied the benefits of the services, programs, or

25  activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.

26  § 12132. A "public entity" is "any State or local government; [or] (B) any department,

27  agency, special purpose district, or other instrumentality of a State or States or local

28  government. . . ." 42 U.S.C. § 12131. Further, a municipality, such as a County, may be

1    held vicariously liable for the acts of its employees.  <u>Duvall v. County of Kitsap</u>, 260 F.3d

2    1124, 1141 (9th Cir. 2001).  A "qualified individual with a disability" is a person "with a

3    disability who, with or without reasonable modifications to rules, policies, or practices, . . .

4    or the provision of auxiliary aids and services, meets the essential eligibility requirements for

5    the receipt of services or the participation in programs or activities provided by a public

6    entity."  42 U.S.C. § 12131.

7         To state an ADA claim, a plaintiff must allege facts to support that he: "(1) is a

8    handicapped person; (2) that he is otherwise qualified; and that [jail officials'] actions either

9    (3) excluded his participation in or denied him the benefits of a service, program, or activity;

10   or (4) otherwise subjected him to discrimination on the basis of his physical handicap."

11   <u>Duffy v. Riveland</u>, 98 F.3d 447, 455 (9th Cir. 1996).  The term "qualified individual with a

12   disability" includes "an individual with a disability who, with or without . . . the provision

13   of auxiliary aids and services, meets the essential eligibility requirements for the receipt of

14   services or participation in programs or activities provided by a public entity."  42 U.S.C. §

15   12131(2).

16        Plaintiff sufficiently alleges facts to support that he was a qualified individual with

17   a disability at relevant times.  Further, as a County inmate, he was eligible for transport to

18   court.  <u>Cf.</u> <u>Robertson v. Las Animas County Sheriff's Dep't</u>, 500 F.3d 1185, 1194-95 (10th

19   Cir. 2007) (hearing impaired inmate was qualified to receive benefits and services of jail and

20   for reasonable accommodation); <u>Hanson v. Sangamon County Sheriff's Dep't</u>, 991 F.Supp.

21   1059, 1062-63 (C.D. Ill. 1998).  He also alleges that he was denied the benefits of a service

22   – specifically, use of a prescribed walking cane or analogous assistive device – by reason of

23   his disability.  Accordingly, Maricopa County will be required to respond to Plaintiff's ADA

24   claim.

25   **V.    Warnings**

26        **A.    Release**

27        Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

28   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1    the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

2    in dismissal of this action.

3          **B.**     **Address Changes**

4          Plaintiff must file and serve a notice of a change of address in accordance with Rule

5    83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

6    relief with a notice of change of address.  Failure to comply may result in dismissal of this

7    action.

8          **C.**     **Copies**

9          Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

10    of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate

11    stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit

12    an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply

13    may result in the filing being stricken without further notice to Plaintiff.

14          **D.**     **Possible Dismissal**

15          If Plaintiff fails to timely comply with every provision of this Order, including these

16    warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

17    963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

18    comply with any order of the Court).

19    **IT IS ORDERED:**

20          (1)     Plaintiff's constitutional claims for violation of his Fourteenth Amendment

21    right to medical care and equal protection are **dismissed** without prejudice.  (Doc. 12.)

22          (2)     Defendant Maricopa County must answer Plaintiff's claim for violation of his

23    rights under the Americans with Disabilities Act.   (Doc. 12.)

24          (3)     The Clerk of Court must send Plaintiff a service packet including the Second

25    Amended Complaint (Doc. 12), this Order, and both summons and request for waiver forms

26    for Defendant Maricopa County.

27          (4)     Plaintiff must complete and return the service packet to the Clerk of Court

28    within 21 days of the date of filing of this Order.  The United States Marshal will not provide

service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)     **A Defendant who agrees to waive service of the Summons and Second**

**Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)    Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 15th day of November, 2012.

Robert C. Broomfield
Senior United States District Judge