WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sergio Cortez Benitez,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Joseph M. Arpaio, et al.,<br><br>　　　　　Defendants. | No.  CV 12-0560-RCB (JFM)<br><br>**O R D E R** |

Plaintiff filed this civil rights action pursuant to the Americans with Disabilities Act (ADA). (Doc. 12.) Defendant Maricopa County has filed a Motion to Dismiss for failure to exhaust administrative remedies and for failure to state a claim.[1] (Doc. 27). Plaintiff opposes the motion. (Docs. 29-31.)

The Court will grant the motion and terminate the action.

**I.　Background**

In his Second Amended Complaint, Plaintiff alleges that prior to his arrest, he had surgery on his lower back and that after his arrest, Maricopa County Correctional Health Services (CHS) provided Plaintiff with a cane, which Plaintiff needed to avoid falling. (Doc. 12.) On May 27, 2011, Plaintiff was awakened by two detention officers to go to court; he was placed in leg and hand restraints. A female officer saw that Plaintiff had a cane and told him that he could not take the cane to court even after Plaintiff showed her

---

[1] The Court provided Plaintiff with notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 28.)

the paperwork regarding the cane. While being transported to court in leg and hand restraints, Plaintiff fell several times. Officers obtained a wheelchair for him when it became apparent that he could not walk. Plaintiff contends that he suffered permanent injury to his lower back as a consequence of falling after his cane was taken and that he has become incontinent.

The Court determined that Plaintiff stated a claim under the ADA and directed Maricopa County to answer the claim. (Doc. 13.) It dismissed the remaining claims. (*Id.*)

**II.     Motion to Dismiss**

    **A.     Exhaustion**

        **1.     Legal Standard**

Under the Prison Litigation Reform Act (PLRA), Plaintiff must first exhaust "available" administrative remedies before bringing this action. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

///

///

### 2. Parties' Contentions

#### a. Defendant

Defendant submits the affidavit of Sergeant Hernandez, excerpts from the Rules and Regulations for Inmates, blank grievance forms, and Plaintiff's grievances. Defendant asserts that the Maricopa County Sheriff's Office (MCSO) has a multi-level grievance process, which is established by the MCSO Policy DJ-3, Inmate Grievance Procedure, and is also detailed in the Rules and Regulations for Inmates. (Doc. 27 at 4, Ex. A, Hernandez Aff., Attach. 1 and 2.) The process to submit a grievance is as follows:

> Within 48 hours of the event being grieved, the inmate must submit an inmate grievance from to detention personnel, who attempt to resolve the issue. *Id.* at ¶¶ 2(A); 2(A)(1).
>
> If the detention officer cannot resolve the issue, the inmate grievance form is then forwarded to the shift supervisor. *Id.* at ¶ 2(A)(2).
>
> If the shift supervisor is unable to resolve the grievance, then the shift supervisor forwards the inmate grievance form to a shift commander who will attempt to resolve the issue. *Id.* at ¶2(B)(2)
>
> If he or she is unable to resolve the issue within seven days of receiving it, he or she forwards the inmate grievance form to the hearing unit. *Id.* at ¶ 2(B)(2).
>
> A hearing sergeant then reviews the matter and attempts to resolve it within seven working days from the date of receipt. *Id.* at ¶ 2(C).
>
> If the inmate is not satisfied with the outcome of the grievance (or if the inmate does not receive a response within seven working days), the inmate may initiate a formal grievance by filing an Institutional Grievance Appeal with the jail commander. This Appeal must be appealed within 24 hours of receiving the jail commander's response. *Id.* at ¶ 4(A)(1)(b).
>
> The responses and written decision by the external referee concludes the Maricopa County Sheriff's Office formal grievance procedure, and results in the exhaustion of administrative remedies. *Id.* at ¶ 4(B)(1)(b).

Plaintiff submitted grievance #11-04248 on June 9, 2011, but he failed to submit an External Grievance. (Doc. 27 at 5.) Plaintiff also submitted grievance #11-04275 on

June 13, 2011 which was identical to grievance #11-04248. Grievance #11-04275 was signed as informally resolved by Plaintiff, thus stopping the grievance process. (*Id.*)

### b. Plaintiff

Plaintiff argues that Defendant's exhibits show that at the bottom of each page, an appeal was submitted to the External Referee, which exhausted the administrative procedures. (Doc. 29 at 2; ref. Doc. 27-2 at 2 and 13.) Plaintiff also asserts that although Defendant argues that once an informal resolution is found the grievance process ends, further grievances would have been deemed an abuse of the grievance system.

Plaintiff claims that due to random cell searches, many of his documents were confiscated. (*Id.*) He asks that if the Court determines that he did not exhaust his administrative remedies, that the Court stay the case so that he can do so. (*Id.* at 4-5.) In his first Addendum, he claims that his English is limited. (Doc. 30 at 1.) In his second Addendum, Plaintiff asserts that the PLRA does not apply to inmates with an immigration hold, which Plaintiff has. (Doc. 31 at 1, citing *Agyeman v. INS.*, 296 F.3d 871 (9th Cir. 2002); *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 1999).)

### c. Reply

Defendant replies that regarding grievance #11-04248, Plaintiff submitted his Inmate Grievance on June 9, 2011 and alleged that he fell and injured his leg and back because his walking cane was taken away from him. (Doc. 32 at 2.) On June 15, 2011, Plaintiff submitted an Institutional Appeal requesting his grievance be sent to the Jail Commander. Plaintiff received a response to his grievance on June 29, 2011 indicating that the grievance was resolved because he had been provided with a walker. Unsatisfied with this, Plaintiff checked the box on the grievance form for "Forward to External referee (UNRESOLVED)" and signed the Institutional Appeal. (Doc. 27-2 at 2.) Defendant asserts that Plaintiff failed to submit an External Grievance Appeal and so did not comply with the jail's grievance procedures. Sgt. Hernandez' affidavit establishes that Plaintiff never filed an external appeal for grievance #11-04248, and Plaintiff has not provided controverting evidence. Defendant contends that grievance #12-01496 has

nothing to do with the issues raised in Plaintiff's Second Amended Complaint. (*Id.* at 2-3.)

Defendant argues that there are no special circumstances in Plaintiff's case that warrant an exception to the PLRA exhaustion requirement. The Defendants made no efforts to mislead the Plaintiff about his rights or to suggest an imprudent course of action to him. (*Id.* at 3-4.)

As to Plaintiff's request for a stay so that he can complete exhaustion, Defendant asserts that exhaustion must occur prior to filing suit. (*Id.* at 3.) Defendant also argues that the *Agyeman* and *Page* cases cited by Plaintiff are inapposite. In *Agyeman*, the court found that the filing-fee provisions of the PLRA did not apply to an INS detainee petitioning for review of a Board of Immigration Appeals decision because the petitioner was not a prisoner within the meaning of the PLRA, and in *Page* the court determined that the inmate was not a prisoner because he was being held as part of a civil commitment, not as a criminal. Defendant asserts that Plaintiff provides no evidence that he is being held in custody on an immigration matter. (*Id.* at 4-5.)

### 3. Analysis

The Court finds that Defendant has established that Plaintiff failed to exhaust his administrative remedies.

First, the Court holds that Plaintiff is required to exhaust his administrative remedies. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The statutory term "prisoner" is limited to an individual who is "currently detained as a result of accusation, conviction, or sentence for a criminal offense." *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (emphasis added). Thus, the term "prisoner" does not encompass a civil detainee for purposes of the PLRA. *Id.*

As Defendant notes, Plaintiff provides no evidence of an INS hold, and the record shows that Plaintiff's Complaint was filed from the Maricopa County Jail and that he is now in the custody of the Arizona Department of Corrections (ADC). (Doc. 19.) The ADC website shows an offense date of October 1, 2009.[2] Thus, the record indicates that Plaintiff was a "prisoner" within the meaning of the PLRA at the time he filed his Complaint and, therefore, is subject to the exhaustion requirements.

Turning to whether Plaintiff exhausted his administrative remedies, Defendant submits evidence that although Plaintiff indicated on June 29, 2011, that he wanted the matter raised in grievance #11-04248 forwarded to the external referee, Plaintiff never, in fact, submitted an external grievance appeal form. The Inmate Institutional Grievance Appeal Form states at the bottom of the page that if the inmate is not satisfied with the Jail Commander's response, the inmate must submit an external grievance appeal form within 24 hours. Plaintiff does not rebut Defendant's evidence, and the Court finds that grievance #11-04248 did not exhaust administrative remedies. And as Defendant notes, grievance #12-01496 relates to medication, not the issues raised in the Second Amended Complaint.

But Plaintiff also filed grievance #11-04275 on June 13, 2011, raising the issues of the denial of the cane and the subsequent fall. (Doc. 27-2 at 3.) This grievance was deemed resolved. An "inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010). The resolution, which Plaintiff signed on June 23, 2011, appears to state "will get walker for [illegible]. Show them your extra items stip for a wheelchair for court. Mr. Benites you had a CT & MRI done at the hospital emergency [illegible] your back CT & x-ray were negative at the hospital." (Doc. 27-2 at 3.)

---

[2] http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?InmateNumber=278848&LastName=BENITEZ&FNMI=S&SearchType=SearchInet. Last visited August 5, 2013.

The issue is whether this resolution constitutes a grant of relief or partial relief. The Court finds on the facts of this case that it does not. Plaintiff's grievance #11-04248 was dated June 9, 2011. (Doc. 27-2 at 1.) The Sergeant noted on June 14 that it was a repeat of grievance #11-04275. (*Id.*) Plaintiff filed his grievance appeal to the Jail Commander on June 15 for #11-04248. (*Id.* 27-2 at 2.) The Jail Commander's response was that he met with Plaintiff on June 23 regarding grievance #11-04275 and it was "resolved based on obtaining a wheelchair for him to use." (*Id.*)  But Plaintiff then determined on June 29 that the matter was, in fact, unresolved. (*Id.*) In other words, both of Plaintiff's grievances addressed the same issue, and Plaintiff's last action---on June 29 in #11-04248---was to designate the grievance unresolved. In order to pursue the grievance, Plaintiff was required to file an external grievance appeal, which he apparently did not do.

Plaintiff presents no grounds to excuse exhaustion of administrative remedies.

Finally, the Court denies Plaintiff's request for a stay to exhaust his administrative remedies. The PLRA mandates that an inmate exhaust remedies *before* filing a lawsuit; exhausting remedies during the course of the lawsuit does not comply with the requirement. *McKinney v. Carey*, 311 F.3d 1198, 1120-21 (9th Cir. 2002). The statute itself states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted." 42 U.S.C. § 1997e(a).

Because the Court finds that Defendant has met its burden to show failure to exhaust administrative remedies, the Court need not reach Defendant's remaining argument.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Maricopa County's Motion to Dismiss (Doc. 27).

(2) Defendant Maricopa County's Motion to Dismiss (Doc. 27) is **granted**.

///

        (3)     Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court must enter judgment accordingly.

        DATED this 21st day of August, 2013.

_____
Robert C. Broomfield
Senior United States District Judge